[S. F. No. 2659.  Department Two.—September 28, 1903.]

## MINERVA LYON, Appellant, v. ABRAHAM ARONSON, V. MENESINI, and A. HESTHAL, Respondents.

ORDER GRANTING NEW TRIAL—INSUFFICIENCY OF EVIDENCE—DUTY OF TRIAL COURT—DISCRETION—APPEAL.—On motion for a new trial on the ground of insufficiency of the evidence to justify the verdict of the jury, it is the privilege and duty of the trial court carefully to scrutinize the evidence, and to grant a new trial whenever in its opinion the evidence is insufficient; and where the evidence is substantially conflicting this court will not set aside the order of the trial judge. It is only where the court below has abused its discretion that this court will interfere.

ID.—ACCIDENT IN ELEVATOR-SHAFT—DISCRETION NOT ABUSED.—The evidence reviewed in regard to an accident in an elevator-shaft, in which the plaintiff was injured by falling, and held sufficient to show that the discretion of the trial court was not abused in granting a new trial to the defendants.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Bishop & Wheeler, and William Rix, for Appellant.

Negligence is presumed from the injury sustained. (*Treadwell* v. *Whittier*, 80 Cal. 574;[1] *Bush* v. *Barnett*, 96 Cal. 202, 204; *Yeamans* v. *Contra Costa etc. Co.*, 44 Cal. 711; *Lawrence* v. *Green*, 70 Cal. 417.[2]) Carriers of passengers are bound to carry their passengers safely "so far as human care and foresight will go." (1 Fetter on Carriers of Passengers, sec. 209, pp. 550, 551; 2 Shearman and Redfield on Negligence, 2d ed., sec. 719; *Treadwell* v. *Whittier*, 80 Cal. 574, 583, 591;[1] *McCurrie* v. *Southern Pacific Co.*, 122 Cal. 558, 561; *Goodsell* v. *Taylor*, 41 Minn. 207, 209.[3]) It was an abuse of discretion to grant a new trial without any semblance of evidence in rebuttal of the presumption and proof of negligence.

[1] 13 Am. St. Rep. 175.          [3] 16 Am. St. Rep. 700.
[2] 59 Am. Rep. 428.

M. S. Eisner, and Reinstein & Eisner, for Abraham Aronson and V. Menesini, Respondents.

The order granting a new trial will be sustained on any ground assigned. (*White* v. *Merrill*, 82 Cal. 15, 16; *Kauffman* v. *Maier*, 94 Cal. 276, 277; *Shanklin* v. *Hall*, 100 Cal. 28; *Condee* v. *Gyger*, 126 Cal. 547; *Churchill* v. *Flournoy*, 127 Cal. 361, 362.) There is no presumption of negligence against these respondents, who were the landlords of the described premises. (*Clancy* v. *Byrne*, 56 N. Y. 132, 133.[1]) The lessee undertook the maintenance and operation of the elevator, and the landlords are not liable for his negligence in its operation. (*Hanson* v. *Beckwith*, 37 Atl. Rep. 702-704; *Overfelder* v. *Doran*, 26 Neb. 127, 128.[2])

Lloyd & Wood, for A. Hesthal, Respondent.

The defendant Hesthal made a defense sufficient to raise a conflict, and the order granting a new trial will not be set aside, under the authorities cited for the other respondents.

THE COURT.—This action was brought to recover damages for personal injuries to plaintiff caused by falling down an elevator shaft in the Hotel Savoy in the city of San Francisco.

The complaint alleges that plaintiff was, by the negligence of defendants and their servant "in the management, control, and operation of said hoist or elevator, and by and through the carelessness and negligence of defendants and defendants' servant in failing to properly close the door of said elevator, and by reason of the broken, insecure, and insufficient machinery by which said elevator was run, violently hurled and thrown out of said elevator and precipitated from the second floor of said hotel building to the bottom of the shaft of said elevator.''

The case was tried with a jury, and a verdict rendered for plaintiff, upon which judgment was entered. Defendants made a motion for a new trial upon the ground, among others, of the insufficiency of the evidence to justify the verdict. The motion was heard upon a statement embodying the evidence and rulings excepted to during the trial. The court granted

---

[1] 15 Am. Rep. 391, and note.　　　[2] 18 Am. St. Rep. 771.

the motion upon the insufficiency of the evidence, and from the order the plaintiff brings this appeal. The question is discussed at great length in the briefs of counsel as to whether or not the elevator was under the entire control and supervision of the defendant Hesthal, as the tenant of the other defendants, or under the joint control and supervision of all the defendant. While the question may become a very important one in the final disposition of the case, we deem it unnecessary to·decide it on this record.

For the purposes of this appeal it may be conceded that the defendants are in the same category, and equally liable as to acts of negligence in and about the running of the elevator. It may also be conceded for the purposes of this appeal only, that there arose a presumption of negligence against defendants upon proof of the injury to plaintiff. Yet, conceding the above propositions, we think the order must be affirmed. The rule, well established, and often reiterated here, is that the trial court is not only authorized, but it is its duty, to carefully scrutinize the evidence on a motion for à new trial, in cases where the evidence is claimed to be insufficient, and to grant a new trial whenever in its opinion the evidence upon which the decision or verdict is based is insufficient to justify such decision. In such case, if there is any substantial conflict in the evidence, we will not set aside the order made by the trial judge. It is only where it clearly appears that the court below has abused its discretion that we feel justified in interfering.

It appears from the evidence of plaintiff that she was in the habit of visiting her sister, who was living at the hotel, and whose rooms were on the third floor. She describes the accident thus: "He [the elevator boy] stopped at the second floor with a lady, and when she left the elevator I stepped over opposite the boy near the door, because my sister lived on the third floor, and when he pulled the lever I felt a jerk. I can remember feeling a jerk and I tried to keep myself from falling, and that is all I can remember."

The only other person present was Smith, the elevator boy; who testified: "I stopped at the second floor and Mrs. Swinnerton stepped out of the elevator, and I proceeded to close the door and pull the lever at the same time like that [showing] and starting the elevator upwards, and the elevator is

in the habit of starting with a very quick motion, jerk, and as I closed the door—when I got up a little ways, I noticed—I either saw Miss Lyon [the plaintiff] in the act of falling to the floor or on the floor, I could not say—you see the elevator was moving upward, and I could not tell whether she was on the floor—this floor below or not, or whether she was falling. Then she disappeared under the floor of the elevator and went right down. . . . As I said before, at the time of the accident I shoved the door to and pulled the lever in the usual manner.'' Neither the plaintiff nor the elevator boy testified to any act of negligence except it be that the elevator ''jerked.'' The plaintiff was found after the accident at the bottom of the shaft directly under the elevator. How the accident happened, and whether it could have been caused by a ''jerk'' of the elevator, were matters for the consideration of the lower court on the motion for a new trial.

Defendants introduced evidence of experts to the effect that it was impossible to start the elevator with a ''jerk.'' They also called many witnesses living in the building and daily using the elevator to the effect that it had never been observed by them to ''jerk.'' Defendants also produced the testimony of many witnesses that the elevator was of modern construction and in all respects supplied with suitable appliances and machinery and in good repair at the time of the accident. They also produced a competent inspector who testified that he inspected the elevator four times in September and four times in October, that he inspected it October 5th, five days prior to the accident, and found the motor in good order and the machinery in perfect condition.

There was no attempt made by plaintiff to prove that the elevator had any defect of construction. There was not the slightest evidence of lack of diligence of defendants in having it inspected and kept in repair.

The above is certainly sufficient to show that the court did not abuse its discretion in granting the new trial.

The order is affirmed.